Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Dan Fruchter
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 18 2022

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-CR-00147-MKD |
| Plaintiff, | INDICTMENT |
| v. | Vio: 18 U.S.C. § 1343<br>Wire Fraud<br>(Counts 1-2) |
| JASON CARNELL O'DAFFER, | |
| Defendant. | 18 U.S.C. § 287<br>False, Fictitious, or Fraudulent Claims<br>(Count 3) |
| | 18 U.S.C. § 981, 28 U.S.C. § 2461<br>Forfeiture Allegations |

The Grand Jury charges:

GENERAL ALLEGATIONS

1.     At times relevant to this Indictment, the Defendant, JASON CARNELL O'DAFFER, was residing in Wenatchee, Washington, in the Eastern District of Washington.

INDICTMENT – 1

2. The Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was a federal law enacted on March 27, 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the Economic Injury Disaster Loan (EIDL) program. EIDL is an Small Business Administration (SBA) program that provides low-interest funding to eligible small businesses, renters, and homeowners affected by declared disasters.

3. In order to obtain an EIDL and advance, a qualifying business must submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for a 12-month period preceding the disaster, and cost of goods sold in the prior 12-month period. The applicant must also certify that all the information in the application is true and correct to the best of the applicant's knowledge, and agree in the required Loan Authorization and Agreement that the EIDL funds will be used solely as working capital to alleviate economic injury caused by disaster.

4. The amount of an EIDL, if the application is approved, is determined based, in part, on the information provided in the application about employment, revenue, and cost of goods, as set forth above. Any funds issued under an EIDL or advance are issued directly by the SBA. EIDL funds must be used for appropriate working capital expenses such as payroll, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

5. EIDL applications are received in cloud-based platforms. The location of the server through which the EIDL application is submitted is based on the date the application was processed by SBA and the application number. During the time period relevant to this Indictment, all EIDL applications and supporting documents

INDICTMENT – 2

were received in a Microsoft cloud-based platform using a Rapid Finance application, through SBA servers located in Des Moines, Iowa.

### The Scheme

6. The allegations in paragraphs 1 through 5 of this Indictment are incorporated as though realleged herein.

7. Beginning no later than on or about November 9, 2021, and continuing through at least on or about May 9, 2022, in the Eastern District of Washington and elsewhere, Defendant devised and intended to devise a scheme to defraud the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to convert the proceeds of the fraud for personal use.

8. Specifically, Defendant applied for and, on or about December 1, 2021, received, $117,300.00 in EIDL funds, using false and fraudulent information about his purportedly active company, Chelan Douglas Appraisal Services, with the intent to defraud, steal, and convert the proceeds of the EIDL for Defendant's personal use and without any intent to use the proceeds thereof for any authorized purpose, or any intent to repay the EIDL.

9. Upon his receipt of the EIDL funds and through at least May 9, 2022, Defendant knowingly and intentionally converted the EIDL funds for his personal use through various transactions from the below described business checking account for Chelan Douglas Appraisal Services and the below described consumer checking account, including but not limited to Defendant's purchase of a personal recreational vehicle (RV).

10. Additionally, as part of his scheme to defraud the SBA, after he fraudulently obtained $117,300.00 in EIDL funds through his initial fraudulent application, Defendant fraudulently sought additional EIDL funding by applying

INDICTMENT – 3

for a Targeted EIDL Advance Loan and Supplemental Targeted Advance Loan. On or about December 24, 2021, Defendant used false and fraudulent information about his purportedly active company, Chelan Douglas Appraisal Services, with the intent to defraud, steal, and convert the proceeds of the Targeted EIDL Advance Loan and Supplemental Targeted Advance Loan for Defendant's personal use and without any intent to use the proceeds thereof for any authorized purpose, or any intent to repay the Targeted EIDL Advance Loan and Supplemental Targeted Advance Loan.

## Manner and Means

It was part of this scheme that:

### Economic Injury Disaster Loan Application No. 3324752705

11. On or about November 9, 2021, Defendant applied for an EIDL by submitting application number 3324752705 to the SBA under the name of his purportedly active business, Chelan Douglas Appraisal Services, for EIDL No. 25694491-02. Defendant signed for and submitted the final application on or about November 14, 2021.

12. On or about November 27, 2021, Defendant electronically signed a Loan Authorization and Agreement for EIDL Application No. 3324752705, agreeing that he would use the proceeds of the EIDL solely as working capital for his business to alleviate economic injury. Defendant agreed to be bound by the stated terms and conditions during the term of the EIDL. Defendant further certified, under penalty of perjury, that he was authorized to apply for and obtain a disaster loan in connection with the effects of the COVID-19 emergency. A properly signed Loan Authorization and Agreement is required prior to any disbursement of EIDL funds.

13. Pursuant to the Loan Authorization and Agreement, a third-party UCC handling charge of $100 was to be deducted from Defendant's EIDL amount of $117,400.00 prior to disbursement.

14. The representations and certifications made by Defendant on his EIDL application were materially false and fraudulent and Defendant knew they were false and fraudulent at the time they were made. As Defendant well knew, Chelan Douglas Appraisal Services had ceased doing business by or before November 9, 2021, when Defendant applied for the EIDL for Chelan Douglas Appraisal Services. In fact, while Chelan Douglas Appraisal Services had apparently functioned as a sole proprietorship through 2020, in 2021 it ceased doing business, and at the time of Defendants' EIDL application, Defendant, as the only appraiser for Chelan Douglas Appraisal Services, could not lawfully conduct appraisals in Washington nor engage in the business of appraising in Washington.

15. In Washington, pursuant to Revised Code of Washington (RCW) 18.310.060, a Certified General Appraiser License is required to lawfully engage or attempt to engage in business as an appraisal management company, to engage or attempt to perform appraisal management services, or to advertise or hold oneself out as so engaging or conducting appraisals. Similarly, pursuant to RCW 18.310.110, any employee of an appraisal management company or any contractor working in the capacity of an appraiser for an appraisal management company must be licensed or certified by the state of Washington. Additionally, pursuant to RCW 18.140.220, any person acting as a state-certified or state-licensed real estate appraiser without a currently valid certificate, license, or registration, is guilty of a misdemeanor.

16. At the time that Defendant signed and submitted EIDL application number 3324752705, Defendant's Washington Certified General Appraiser's

INDICTMENT – 5

license had expired as of October 23, 2021. During all times relevant to this Indictment, Defendant did not apply for a new appraisers' license.

17.    WaFd Bank business checking account ending in 7626 is the only known bank account for Chelan Douglas Appraisal Services (herein "the business checking account"). Between July 2020 and November 2020, the business checking account for Chelan Douglas Appraisal Services had beginning and ending monthly balances ranging between $43,714.21 and $86,513.08. However, a year later, between July 2021 and November 2021, the business checking account for Chelan Douglas Appraisal Services had beginning and ending monthly balances ranging between $34.81 and $7,775.04. Moreover, in the four days after Defendant's Washington Certified General Appraiser's license expired, the business checking account for Chelan Douglas Appraisal Services was charged four times for insufficient funds. Additionally, as Defendant well knew, Defendant did not report any revenue to the Washington State Department of Revenue (DOR) for calendar year 2021 for Chelan Douglas Appraisal Services. However, for calendar year 2020, Defendant reported to DOR that Chelan Douglas Appraisal Services was paid $61,840.00 in gross revenue. Nonetheless, in order to receive increased EIDL funding to which he was not entitled, Defendant falsely and fraudulently inflated Chelan Douglas Appraisal Services' 2020 gross revenue in his EIDL application number 3324752705 by certifying that Chelan Douglas Appraisal Services' Actual 2020 Gross Revenues were $106,589.00. As a result of Defendant's false and fraudulent inflation of Chelan Douglas Appraisal Services' 2020 gross revenue, the SBA's calculated eligible amount for Defendant's EIDL was itself inflated to $117,400.00.

18.    Defendant certified that the information in EIDL application number 3324752705 was true and correct to the best of his knowledge, under penalty of

INDICTMENT – 6

perjury and of other criminal penalties for false information. Specifically, Defendant falsely and fraudulently certified Chelan Douglas Appraisal Services engaged in business activity, when it did not engage in any business activity and was prohibited by state law from engaging in its purported business activity of providing appraisal services.

19. Since Defendant's Washington Certified General Appraiser's license expired on October 23, 2021, and was not renewed during times relevant to this Indictment, it was unlawful for Defendant to engage or attempt to engage in business as an appraiser or as an appraisal management company pursuant to RCW 18.310.060 and RCW 18.140.220. Further, Defendant reported no employees to the Washington State Employment Security Department from at least 2018 to March of 2022, and while he did report revenue to DOR for Chelan Douglas Appraisal Services in 2020, though in a far lower amount than Defendant falsely and fraudulently claimed in his EIDL application, he reported no revenue to DOR for Chelan Douglas Appraisal Services in 2021. In addition, the business checking account for Chelan Douglas Appraisal Services shows a sharp decline in apparent revenue in 2021 culminating in multiple insufficient fund charges in the days after Defendant's Washington Certified General Appraiser's license expired. All of which occurred just weeks prior to Defendant's false and fraudulent EIDL application number 3324752705. Accordingly, Chelan Douglas Appraisal Services and Defendant were not eligible for any EIDL funding at the time of Defendant's EIDL application or thereafter as it was not an operating business and Defendant had fraudulently inflated its 2020 gross revenue.

20. As a result of the fraud and relying on the materially false and fraudulent representations and certifications made by Defendant, SBA approved the requested EIDL, on November 30, 2021.

INDICTMENT – 7

21. On December 1, 2021, $117,300.00 was deposited into Chelan Douglas Appraisal Services' business checking account. The business checking account was opened by Defendant, on July 18, 2016, doing business as Chelan Douglas Appraisal Services. The business checking account had a beginning balance of $85.10 in December of 2021, prior to the $117,300.00 deposit from Defendant's falsely and fraudulently obtained EIDL.

22. The representation made by Defendant in the Loan Authorization and Agreement required for disbursement of EIDL Application No. 3324752705 that he would use the proceeds of the EIDL solely as working capital to alleviate economic injury was materially false and Defendant knew it was false at the time he made this representation. Instead of using the EIDL funds for a permissible purpose, Defendant misused the EIDL funds for personal use through payments, transfers, and withdrawals from the business checking account and Defendant's WaFd Bank consumer checking account ending in 5351 (herein "the consumer checking account").

23. Between December 1, 2021, and May 9, 2022, a total of more than $70,000.00 was transferred from the business checking account to the consumer checking account and during which time, with the exception of one $40.00 deposit, there was no other deposit into the business checking account other than the EIDL disbursement of $117,300. During that time period, the EIDL funds were withdrawn, spent, and otherwise transferred out of the business checking account and the consumer checking account. The ending balance of the business checking account on April 30, 2022 was $1,757.63. The ending balance of the consumer checking account on May 10, 2022, was $1,041.54. The consumer checking account was shared by Defendant with his father and sister who were also

signatories on that account. The business checking account was shared by Defendant and his sister who was a signatory on that account.

24.     The unauthorized transactions using the EIDL funds that Defendant conducted out of the consumer checking account, included (1) a withdrawal credited to payment for a campground membership in the amount of $1,194.00, (2) a wire transfer in the amount of $39,169.48 payable to a Bank of the West Account ending in 5213 (herein " the Bank of West Account"), and (3) a cashier's check payable to Defendant's sister in the amount of $12,000.00. All these transactions were for Defendant's personal benefit, were not legitimate business or working capital expenses, and were not authorized by the terms of his EIDL.

### Defendant's RV

25.     On or about November 6, 2021, Defendant signed the Retail Installment Contract and Security Agreement for the purchase of a Thor Freedom Elite 23U Class C RV (herein "Defendant's RV") from Lazydays RV in the State of Indiana.

26.     On or about November 6, 2021, Defendant submitted a Consumer Credit Application number 11713513 through Bank of the West for a loan to fund Defendant's purchase of Defendant's RV.

27.     Based on Defendant's Consumer Credit Application number 11713513, on or about November 18, 2021, Bank of the West funded the loan for Defendant's RV in the amount of $37,802.50.

28.     On January 11, 2022, the consumer banking account had a balance of $2,540.71.  On January 28, 2022, the consumer banking account received a transfer of $40,000 from the business checking account delineated as "RV Payoff."  As of January 28, 2022, since receiving the $117,300.00 EIDL on December 1, 2021,

when the business checking account had a beginning balance of $85.10, it had received no deposits other than the EIDL funds.

29. On or about February 1, 2022, the Bank of the West loan number 241946585 was paid in full by a wire transfer authorized by Defendant from the consumer checking account using the EIDL funds that had been transferred from the business checking account on January 28, 2022, delineated as "RV Payoff." Defendant wire transferred a total of $39,169.48 from the consumer bank account to the Bank of the West Account, in Omaha, Nebraska, for payment in full of the loan that had secured Defendant's RV using the interstate wires.

Economic Injury Disaster Loan Application No. 3325926731

30. Between November 29, 2021, and December 24, 2021, after fraudulently obtaining and receiving the initial $117,300.00 in EIDL funding, Defendant fraudulently sought additional EIDL funding through the Targeted Advance and Supplemental Targeted Advance EIDL program. On or about November 30, 2021, while in correspondence with an SBA representative and pursuant to the scheme, Defendant falsely and fraudulently stated that he needed the additional funds to pay for an office space rental, licensing fees, and a vehicle, among other business-related necessities.

31. On or about December 24, 2021, Defendant applied for an EIDL Targeted Advance and Supplemental Targeted Advance by signing and submitting application number 3325926731 to the SBA under the name of his purportedly active business, Chelan Douglas Appraisal Services.

32. The representations and certifications made by Defendant on EIDL application number 3325926731 were materially false and Defendant knew they were false at the time they were made. The SBA did not grant Defendant's EIDL application number 3325926731.

INDICTMENT – 10

## Counts 1-2

33.    The allegations in paragraphs 1 through 32 of this Indictment are incorporated as though realleged herein.

34.    On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, the Defendant, JASON CARNELL O'DAFFER, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 1 | December 1, 2021 | Wire transfer from SBA's FMS servers in the State of Iowa to the WaFd business checking account ending 7626 in the Eastern District of Washington in the amount of $117,300.00 for an EIDL applied for with EIDL Application No. 3324752705. |
| 2 | February 1, 2022 | Wire transfer of $39,169.48 from WaFd Bank consumer checking account ending in 5351 located in the Eastern District of Washington to Bank of the West account ending in 5213, located Omaha, Nebraska, wire number 24206. |

All in violation of 18 U.S.C. § 1343.

## Count 3

35.    The allegations in paragraphs 1 through 34 of this Indictment are incorporated as though realleged herein.

36.    On or about November 14, 2021, in the Eastern District of Washington and elsewhere, the Defendant, JASON CARNELL O'DAFFER, made and presented to the United States Small Business Administration claims concerning EIDL Application No. 3324752705 for EIDL Loan No. 25694491-02 in the name of Chelan Douglas Appraisal Services for an amount of $117,400.00, knowing said

claims were false and fraudulent, and knowing the information submitted was materially false and fraudulent in that Defendant knew that Chelan Douglas Appraisal Services was not then an active business, knew that Chelan Douglas Appraisal Services' 2020 actual gross revenue was significantly and materially less than the amount that Defendant fraudulently represented in the application, and knew that he planned to use the EIDL funds for unauthorized purposes, all in violation of 18 U.S.C. § 287.

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. §§ 1343 as alleged in this Indictment, Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

### MONEY JUDGMENT

A sum of money equal to $117,400.00 in United States currency, representing the amount of proceeds obtained by Defendant from the wire fraud violations.

### CONVEYANCE

Thor Motor Coach M-23U E350-V10, VIN: FDWE3FSXBDB36388, WA Tag #: CBV1981

If any of the property described above, as the result of any act or omission of Defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

INDICTMENT – 12

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this ___ day of October 2022.



A TRUE BILL

Foreperson

_Vanessa Waldref_
Vanessa R. Waldref
United States Attorney

_/s/_
Tyler H.L. Tornabene
Assistant United States Attorney

_/s/_
Dan Fruchter
Assistant United States Attorney

INDICTMENT – 13