Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JASON CARNELL O'DAFFER, <br><br> Defendant. | Case No.: 2:22-CR-00147-MKD <br><br> Motion for Detention |

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility of Case</u>

This case is eligible for a detention order because the case involves (check one or more):

☐ Crime of violence (as defined in 18 U.S.C. § 3156(a)(4) which includes any felony under Chapter 77, 109A, 110 and 117);

☐ A violation of 18 U.S.C. § 1591;

☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with maximum penalty of 10 years or more;

☐ Maximum penalty of life imprisonment or death;

☐ Drug offense with maximum penalty of 10 years or more;

Motion for Detention - 1

☐    Felony, with two prior convictions in above categories;

☐    Felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as those terms are defined in 18 U.S.C. § 921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒    Serious risk Defendant will flee (as specified below); or

☒    Serious risk obstruction of justice (as specified below).

Following Indictment returned by the Grand Jury on October 18, 2022, the Court issued a Warrant. Defendant arrested on the Warrant in the Northern District of California, and, on December 19, 2022, Defendant appeared pursuant to Fed. R. Crim. R. 5 in the Northern District of California. United States Magistrate Judge Laurel Beeler released Defendant to the halfway house at 111 Taylor Street, San Francisco, California, in order to participate in drug treatment. Before Defendant could be transported to the halfway house and begin drug treatment, or further proceedings commended to the Eastern District of Washington, Defendant fled from custody, resulting in issuance of a warrant by the Northern District of California on December 20, 2022, for violation of Defendant's release conditions. Defendant remained at large until he was arrested in the Northern District of California on March 21, 2023, and appeared again before that court. At that time, Defendant was detained and ordered transported to the Eastern District of Washington for further proceedings. Accordingly, based on Defendant's arrest history and prior non-compliance with release conditions imposed by the court, as well as other information to be proffered by the United States at the detention hearing, Defendant represents a serious risk of flight as well as a serious risk of osbstructing justice, including through his non-appearance at further proceedings.

2.    Reason for Detention

The Court should detain Defendant because there is no condition or

Motion for Detention - 2

combination of conditions which will reasonably assure (check one or both):

☒ Defendant's appearance as required; or

☒ Safety of any other person and the community.

3. <u>Rebuttable Presumption</u>.

The United States

☐ will

☒ will not

invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

If the United States is invoking the presumption, it applies because there is probable cause to believe Defendant committed:

☐ Drug offense with maximum penalty of 10 years or more;

☐ An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ An offense under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ An offense under chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐ An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425;

☐ Other circumstances as defined in 18 U.S.C. § 3142(e)(2).

4. <u>Time for Detention Hearing</u>

The United States requests that the Court conduct the detention hearing:

☐ At the first appearance, or

☒ After a continuance of three days.

Motion for Detention - 3

5. <u>No Contact Order</u>

The United States further requests, in addition to pretrial confinement, that Defendant be subject to the following condition:

Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

Dated:  April 14, 2023.

    Vanessa R. Waldref
    United States Attorney

    *s/ Dan Fruchter*
    Dan Fruchter
    Assistant United States Attorney

Motion for Detention - 4

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Defendant's counsel of record, if any have been appointed or retained.

*s/ Dan Fruchter*
Dan Fruchter
Assistant United States Attorney

Motion for Detention - 5